**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DEANTE BLACKMAN

    Petitioner,

v.                                                    CASE NO.  8:16-cv-1659-T-24TBM
                                                                                8:06-cr-353-T-24 TBM

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

      Petitioner Deante Blackman, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 20, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response. Petitioner filed notice of supplemental authority regarding its response in opposition to the United States' motion to dismiss.  After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

      Petitioner pled guilty to aiding and abetting another who attempted to murder a witness in violation of 18 U.S.C. §§ 1512(a) (1)(c), 1512(a)(3)(B)(i), 1111, and 2 (count one), aiding and abetting another who carried a firearm which was discharged in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii)

(count three), conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and §§ 846 and 841(b)(1)(B)(ii) (count four), and possession with the intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (count six). The Court sentenced Petitioner to a total term of imprisonment of 308 months on February 27, 2007.  Petitioner did not file a direct appeal.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S. C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(A),  is also unconstitutionally vague, and his sentence should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than one year, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is

unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c). See In re Pinder, 824 F.3d 977, 978 (11th Cir. 2016)("Our Court hasn't decided if Johnson applies to § 924(c)(3)(B).").

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 9) is **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 30) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on November 2, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge